Chief Judge Breitel
(dissenting in part). I would affirm.
Of course, one must agree that the undefined rumor, without specific source or disclosed basis for the information supplied, may not be considered as the ground or part of the ground for the police belief in probable cause. At best, the "reliable information” was relevant only to explain why the police placed the suspect premises under continued surveillance and no more.
But the police had considerable observation of their own which justified an initial inference that the occupants of defendant’s house were more than mere consumers of narcotics. The dispersion of drug fragments in two closets in different rooms, and particularly the location of a large measuring scale were tell-tale of an illicit trafficking in drugs. The surveillance triggered by the evidence uncovered inadvertently in the earlier burglary investigation of the temporarily unoccupied residence in a rural area, coupled with the mere rumor of a drug shipment, justified if it did not require the ensuing police surveillance. That surveillance then yielded the regular appearance at the house of the automobile van occupied by *24 persons who did not reside at the house, a regularity of "visit” and a type of vehicle which justified the inference of deliveries to or from the house. Notably, it was the only vehicle observed entering and leaving the premises on a regular basis. It would require a dull and unimaginative policeman not to conclude, and reasonably it is suggested, that the operation of an enterprise engaged in drug traffic was involved, embracing the van with the house together. In no other way, unless they did it themselves, could the inhabitants of the rural residence have been able to provide commercial distribution of the contraband in which the occupants were obviously engaged, if the earlier discovery of a scale and the dispersed fragments of drugs were to be credited.
On this view, it is not necessary to reach the troublesome issue of severability of the warrant.
Finally, it is important in reviewing police applications for search warrants that a liberal approach be taken. It has often been said that the courts should do so, if only to encourage the police to apply for search warrants whenever there is ample opportunity to do so (see, e.g., United States v Ventresca, 380 US 102, 106-108, where it was said [p 108]: "A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting”). That means that a search warrant application, most often drafted by nonlawyer policemen, should not be read like a year-book lawyer parsing a common-law declaration (see United States v Ventresca, supra, at p 108; People v Hanlon, 36 NY2d 549, 558-559; People v Nieves, 36 NY2d 396, 401). Otherwise, wherever possible the wise policeman would better rely on the several exceptions which allow warrantless search with probable cause where moving automobiles are involved, "exigency” that éasily destroyed or concealed contraband is involved, or the like.
Accordingly, I dissent in part and vote to affirm the order of the Appellate Division in its entirety.